CUMBERLAND FARMS, INC. *vs.* ALLAN AFROW. December 4, 1997. *Supreme Judicial Court,* Appeal from order of single justice.

The plaintiff (petitioner), which had sought relief from an interlocutory ruling of the Superior Court, appeals to the full court under S.J.C. Rule 2:21, 421 Mass. 1303 (1995), from a single justice's denial of relief under G. L. c. 211, § 3.[1]

Rule 2:21 (2) requires that a petitioner "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." The Superior Court judge had denied the petitioner's motion to dismiss claims, preclude the use of privileged information, and disqualify counsel. The petitioner focuses its argument to us on only the claim of use of privileged information; mentions the disclosure of "confidence*s* and secret*s*"; and refers to the use of "those secrets to advance his claims" (emphasis added). We read the Superior Court judge's decision as pertaining solely to "the information divulged by Lochlin," a senior officer of the petitioner, which the judge concluded was not confidential and that communication of it by Afrow to his attorney would not

---

[1]We do not address the intervening request for relief under G. L. c. 231, § 118, first par., filed in the Appeals Court.

breach client confidences. The judge also stated that if the information divulged by Lochlin were privileged, Afrow had not violated an ethical rule by relaying it to his attorneys for purposes of this litigation. We are not persuaded by the petitioner's argument that review on appeal or by other means would be inadequate.[2]

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Arthur G. Telegen & Michael L. Rosen* for the plaintiff.


---

[2]We note that the petitioner acknowledges that the motion in the Superior Court "focused largely on the significance of questions" concerning a certain alleged "rule," but that it now asserts more than a single inappropriate disclosure is at stake.